UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| THE COPPER CELLAR CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:13-CV-691-PLR-CCS |
| | ) | |
| OLE SMOKY DISTILLERY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Quash Subpoena to Appear and Testify [Doc. 51], filed by Michael J. Bradford. Mr. Bradford represents that he is an attorney practicing in Knoxville, Tennessee, at the firm of Ludeka Neely Group, P.C. Mr. Bradford represents that on August 18, 2014, he was subpoenaed to appear at a hearing before the undersigned at 9:30 a.m. on August 21, 2014. Mr. Bradford represents that he is scheduled to take an expert witness's deposition at 10:30 a.m. on August 21, 2014, in Asheville, North Carolina.

Also before the Court is a Motion to Quash Subpoenas [Doc. 48] filed by the Ludeka Neely Group, P.C. The Ludeka Neely Group represents that it has been served with a subpoena demanding that it appear for a deposition at 8:30 a.m. on August 21, 2014. This subpoena was served on August 18, 2014. [See Doc. 50]. The Ludeka Neely Group represents that the subpoena orders it to produce, *inter alia,* "All correspondence, agreements, memoranda, emails, or other documents evidencing or relating to the dual representation by Luedeka [Neely] of The Copper Cellar Corporation and Ole Smoky Distillery, LLC, including but not limited to analyses of any potential or actual conflict of interest and any consents to the dual representation."

Rule 45 of the Federal Rules of Civil Procedure provides, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(A)(3)(i) (internal punctuation removed).

Both of the subpoenas at issue appear to be timed to coincide with a hearing set to commence before the undersigned at 9:30 a.m. on August 21, 2014. Notice of this hearing was sent to the parties on June 19, 2014, and the date of this hearing has been reiterated in Orders entered as late as August 7, 2014. Thus, the hearing has been set to commence on August 21, 2014, for over *sixty (60) days*. Notwithstanding, the Defendant served the subpoenas at issue on Mr. Bradford and the Ludeka Neely Group less than seventy-two (72) hours prior to the hearing. Even though the Court is addressing these motions within approximately nineteen (19) hours of their being filed, the Court's decision will be issued less than forty-eight (48) hours before the hearing and less than forty-eight (48) hours before the deposition time proposed by the Defendant. Based upon these circumstances, the Court finds that the subpoenas at issue "fail[] to allow a reasonable time to comply."

Because the subpoenas at issue "fail[] to allow a reasonable time to comply," the Court *must* quash the subpoenas pursuant to Rule 45. See Fed. R. Civ. P. 45(A)(3)(i). Accordingly, the Motion to Quash Subpoenas **[Doc. 48]** and the Motion to Quash Subpoena to Appear and Testify **[Doc. 51]** are **GRANTED**, and the subpoenas served upon Mr. Bradford and the Ludeka Neely Group **[Docs. 47, 50]** are **QUASHED**.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge