UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THE COPPER CELLAR CORP., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:13-CV-691-PLR-CCS |
| ) | |
| OLE SMOKY DISTILLERY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Disqualify Defendant's Counsel [Doc. 28], filed by Plaintiff. For the reasons more fully stated herein, this motion will be **DENIED**.

**I.  BACKGROUND**

Plaintiff is a corporation in the business of operating numerous restaurants and in making retail sales of brewery services, food and beverage products, and other goods and services. At the time of the filing of this case, Plaintiff was represented by counsel from Luedeka Neely Group, P.C., ("Luedeka Neely"), a firm in Knoxville, Tennessee, specializing in intellectual property law. Luedeka Neely withdrew as counsel for the Plaintiff on February 3, 2014, and counsel from Neal & Harwell and Winchester, Sellers, Foster & Steele, P.C., appeared on behalf of the Plaintiff.

Defendant operates a distillery and also sells retail merchandise bearing its logo. Defendant is represented by counsel from Robinson IP Law, PLLC (the "Robinson firm"), a firm

in Knoxville, Tennessee, specializing in intellectual property law. After the instant motion was filed, counsel from Wagner, Myers & Sanger, appeared on behalf of the Defendant.

Since the early 1980s, Luedeka Neely has served as Plaintiff's trademark counsel, handling trademark matters for all of Plaintiff's restaurants and breweries. Until July 2013, Michael E. Robinson was a lawyer and shareholder at Luedeka Neely. Mr. Robinson's associate, Matthew Googe, was an associate at Luedeka Neely until August 2013. Luedeka Neely operates out of a single office in Knoxville, and during the relevant period, the firm had a total of twelve to fifteen lawyers.

During the period Mr. Robinson worked for Luedeka Neely, the firm handled trademark matters for both of the parties in this case. As a shareholder in the firm, Mr. Robinson had access to all of Plaintiff's files, including specifically files relating to the trademarks at issue in this case. The parties dispute the extent to which Mr. Robinson exercised this access. Mr. Robinson has represented to the Court that he did not gain relevant information from the files. The Plaintiff emphasizes his access to the files, but it has not identified any specific information or category of information that Mr. Robinson obtained.

The interrelationship between Luedeka Neely, the attorneys at Luedeka Neely, Mr. Robinson, Mr. Googe, and the parties has been at issue since before this case was filed. The parties and their counsel discussed waiver of any conflicts in representation just before the suit was filed, but ultimately, the parties did not reach an agreement on this issue. On December 20, 2013, the Defendant filed a Motion to Disqualify Luedeka Neely [Doc. 7], based upon an alleged conflict of interest. The Court heard oral arguments on this motion on January 24, 2014, and on January 27, 2013, counsel from Luedeka Neely moved to withdraw as counsel in this case. On February 3, 2014, the Court granted the request to withdraw as counsel. The Defendant

withdrew its Motion to Disqualify Counsel, and thus, the Court did not address the merits of the Motion to Disqualify Counsel relating to Luedeka Neely.

The Plaintiff filed the instant Motion to Disqualify on April 7, 2014, alleging that Mr. Robinson, Mr. Googe, and the Robinson firm had conflicts of interest and should be precluded from continuing to represent Defendant in this case. The Court set a hearing on the Motion to Disqualify for May 19, 2014. That hearing was continued three times at the request of counsel as the parties attempted to resolve this issue amongst themselves. Finally, on August 21, 2014, the Court heard oral arguments on this motion. It is now ripe for adjudication.

## II.     POSITIONS OF THE PARTIES

Plaintiff maintains that, before Mr. Robinson left Luedeka Neely, he personally worked on trademark enforcement matters for Plaintiff. For example, Plaintiff posits that: Mr. Robinson drafted a cease-and-desist letter and was involved in settlement negotiations on behalf of Plaintiff concerning a Florida restaurant operating under the "Copper Cellar" name; and Mr. Robinson assisted with Plaintiff's litigation against a Virginia restaurant and brewery operating under the "Calhoun's" name. Copper Cellar, Calhoun's and Smoky Mountain Brewery are all marks registered and used by the Plaintiff.

Plaintiff maintains that Defendant has filed a counterclaim in this case attacking the validity of Plaintiff's "Smoky Mountain Brewery" marks and alleging fraud on the Patent and Trademark Office in connection with those marks. Plaintiff alleges that Mr. Robinson worked as a lawyer for Plaintiff's trademark law firm and personally handled trademark litigation for Plaintiff. Plaintiff maintains that this representation puts it in an untenable position, because the validity of Plaintiff's trademarks is being challenged by a former member of Plaintiff's law firm.

3

Plaintiff argues that Mr. Robinson's representation of Defendant, one of his former Luedeka Neely clients, against Plaintiff, another of his former Luedeka Neely trademark clients presents a conflict of interest under Rules 1.9 and 1.10 of the Rules of Professional Responsibility.

Defendant responds that, despite having access to Mr. Robinson's billing records during his time at Luedeka Neely, Plaintiff has only directed the Court to two examples of Mr. Robinson working on matters for the Plaintiff. Defendant maintains that the two examples cited – the Florida cease-and-desist letter and the Virginia litigation – did not involve the marks at issue in this case and should not be considered to be substantially related to this representation pursuant to Rule 1.9(a) of the Rules of Professional Responsibility.

Defendant alleges that Mr. Robinson did not acquire protected information relating to the Plaintiff during his time at Luedeka Neely, and neither Mr. Robinson nor Mr. Googe "are aware of any alleged knowledge they have of confidential information" concerning the Plaintiff. [Doc. 39 at 10]. Defendant argues that Mr. Robinson's involvement with the two matters highlighted by Plaintiff was extremely limited. Defendant maintains that Mr. Robinson's involvement in those two tasks is not analogous to the considerable work that was performed by Luedeka Neely on behalf of both Plaintiff and Defendant, which was the basis of Defendant's Motion for Disqualification.

Defendant contends that Plaintiff has not met its burden under either Rule 1.9 or Rule 1.10 of the Rules of Professional Responsibility, and Defendant alleges that endorsing Plaintiff's position would result in a significant curtailment of a party's ability to seek counsel of their choice in particular areas of the law.

Both parties have presented the Court with affidavits in support of their allegations and positions. [Docs. 8-1, 30, 39-1, 39-2, and 52-1].

4

**III. ANALYSIS**

In reviewing disqualification motions, courts "must be sensitive to the competing policy interests of preserving client confidences and of permitting a party to retain counsel of his choice." Manning v. Waring, Cox, James, Sklar & Allen, 849 F.2d 222, 224 (6th Cir. 1988). The party seeking disqualification has the burden of proving that opposing counsel should be disqualified. Tenn. Bank & Trust v. Lowery, No. 3:11-cv-0984, 2012 WL 4949968 (M.D. Tenn. Oct. 11, 2012).

The issue before the Court is governed by Rule 1.9 and Rule 1.10 of the Tennessee Rules of Professional Responsibility and federal case law. See E.D. Tenn. L.R. 83.6; see also Calaway v. Schucker, No. 2:02–cv–02715–STA–CGC, 2013 WL 960641 (W.D. Tenn. Mar. 12, 2013). The Court will address the application of Rule 1.9 and Rule 1.10 in turn.

*A.      Rule 1.9 - Duties to Former Clients*

Rule 1.9 of the Tennessee Rules of Professional Conduct states:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>
>> (1) whose interests are materially adverse to that person; and
>>
>> (2) about whom the lawyer had acquired information protected by RPCs 1.6 and 1.9(c) that is material to the matter.

5

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter reveal information relating to the representation or use such information to the disadvantage of the former client unless (1) the former client gives informed consent, confirmed in writing, or (2) these Rules would permit or require the lawyer to do so with respect to a client, or (3) the information has become generally known.

Tenn. Sup. Ct. R. 8, R.P.C. 1.9.

The Plaintiff did not consent to Mr. Robinson, Mr. Googe, or the Robinson firm's representation of the Defendant in this case. Therefore, consent, as a means of eliminating a conflict under Rule 1.9, is not at issue in this case. Instead, the Court's analysis turns on the relationship between the instant case and the work performed and information allegedly obtained while Mr. Robinson and/or Mr. Googe were working at Luedeka Neely.

With regard to Rule 1.9(a), the Plaintiff only alleges that Mr. Robinson, not Mr. Googe, worked on a substantially related matter. Comment 3 to Rule 1.9 explains: "Matters are 'substantially related' for purposes of this Rule if they involve the same transaction or legal dispute or other work the lawyer performed for the former client or if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter, unless that information has become generally known."

The Court finds, first, that Mr. Robinson did not represent Plaintiff in the "same" legal dispute as the case before the Court. Second, the Court finds that Mr. Robinson did not represent Plaintiff in any matter relating to the "Smoky Mountain Brewery" mark. The Court is not prepared to find that all trademark matters are substantially related, within the context of Rule 1.9, and thus, the Court cannot say that the Virginia litigation and the Florida letter were

6

Case 3:13-cv-00691-PLR-CCS   Document 58   Filed 10/14/14   Page 6 of 10   PageID #: 578

substantially related to "Smoky Mountain Brewery" mark or the allegations in this case. In so finding, the Court would emphasize that Plaintiff never demonstrated that either the Virginia litigation or the Florida letter involved issues relating to the "Smoky Mountain Brewery" mark.

Turning to Rule 1.9(b), the Court finds that the Plaintiff has failed to demonstrate that either Mr. Robinson or Mr. Googe "acquired information protected by RPCs 1.6 and 1.9(c) that is material to the matter." R.P.C. 1.9(b). The Plaintiff only cites the Court to two specific instances wherein Mr. Robinson might have obtained relevant information about the Plaintiff, *i.e.* the Virginia litigation or the Florida letter. At the point these tasks were performed, Mr. Robinson was a young associate, who in the latter instance had only been on the job for a few months. The Court cannot reasonably find a substantial risk that confidential information was or would normally be obtained through superficial work performed by such a low-level associate. A young associate's work composing a couple of, apparently *pro forma*, cease-and-desist letters regarding use of other marks – *i.e.* "Calhoun's" and "Copper Cellar" – cannot, without more direct evidence, be equated to obtaining confidential information or found to pose a substantial risk of the same. The Court is especially disinclined to find that confidential information was obtained in the face of sworn statements from Mr. Robinson that he did not obtain such information. Thus, the Court finds that the Plaintiff has not demonstrated that a "substantial risk that confidential factual information that would normally have been obtained in the prior representation" exists. R.P.C. 1.9, cmt. 3.

Further the Court finds that, even if the Plaintiff demonstrated that a substantial risk existed, the Plaintiff has failed to demonstrate that any of the "confidential factual information" would be relevant to the instant case. To the contrary, the Plaintiff has argued that Mr. Robinson would have obtained confidential *tactical* information relating to negotiations or litigation

7

strategy that might be relevant to the instant matter. The Court would first note that there is no allegation that Mr. Robinson handled any matters for Plaintiff as a lead attorney or in a manner that directly involved settlement or litigation tactics. Second, even if the Court were to credit the general allegations that tactical information was obtained, the Plaintiff has not cited the Court to any confidential *factual* information that might be relevant to this case, nor has the Plaintiff made any showing as to how Defendant, through Mr. Robinson or Mr. Googe, would use such confidential factual information in this case pursuant to R.P.C. 1.9(b)(2).

The Court has specifically considered the allegations of fraud that are being made in the instant case and the fact that the mark at which the fraud allegations are directed was obtained by Luedeka Neely during the period that Mr. Robinson was working there. As the Court indicated on the record, this interplay is and was initially troubling. However, the allegations of fraud appear to be based solely upon public filings that are available through the United States Patent and Trademark Office. The Plaintiff again failed to direct the Court to any information that Mr. Robinson obtained – and as stated above, he has denied obtaining such information – that would be substantially related to or even relevant to this case

In addition to the analysis above, the Court would note that neither the Plaintiff nor Luedeka Neely felt there was any conflict that would preclude Luedeka Neely and its attorneys from representing Plaintiff and Defendant at the same time when Mr. Robinson and Mr. Googe were employed by Luedeka Neely. As the Court indicated at the hearing, Mr. Robinson and Mr. Googe's role in this litigation certainly appeared unseemly at first blush. However, after drilling down and considering Rule 1.9, in its present form, the Court finds that the Plaintiff has failed to demonstrate a conflict under Rule 1.9 that would necessitate disqualification of counsel.

8

For the reasons stated above, the Court finds that the Plaintiff has not met its burden under Rule 1.9.

## B.    *Rule 1.10 – Imputation of Conflicts of Interest: General Rule*

In pertinent part, Rule 1.10 provides, "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by RPCs 1.7, 1.9 or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm."  Tenn. Sup. Ct. R. 8, R.P.C. 1.10(a).

As stated above, the Court finds that Plaintiff has not demonstrated that either Mr. Robinson or Mr. Googe's continued representation of Defendant in this case would constitute a violation of Rule 1.9 of the Rules of Professional Conduct.  The Plaintiff has not alleged any violation of either Rule 1.7 or Rule 2.2.  Therefore, the Court finds that there is no basis for applying Rule 1.10 to the instant case, and thereby, imputing a conflict to the Robinson firm.  Accordingly, the Court finds that any request for disqualification pursuant to Rule 1.10 is not well-taken.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that the Motion to Disqualify Defendant's Counsel **[Doc. 28]** is not well-taken, and it is **DENIED**. Consistent with the revised schedule in this case [see Doc. 57], the parties **SHALL CONDUCT** a discovery conference within **thirty (30) days** of entry of the instant Memorandum and Order.

**IT IS SO ORDERED**.

ENTER:

     s/ C. Clifford Shirley, Jr.
United States Magistrate Judge